# THE FAME INSURANCE COMPANY

## v.

# JOSEPH MANN ET AL.

1. PRACTICE—AMENDING BILL OF EXCEPTIONS.—Bills of exception may be amended so as to correct errors or supply omissions therein, at a term subsequent to that at which they are signed and filed, on due notice to the opposite party.

2. INSURANCE—STATEMENT AS TO OWNERSHIP OF PROPERTY.—The fact that the policy was made specifically payable in case of loss to parties other than the insured, conclusively establishes notice to the company that such parties had some interest in the property insured, and the insurer is thereby put upon inquiry as to the true state of the title, notwithstanding the insured in reply to questions in the application for insurance represents himself as owner of the property.

3. NOTICE TO BROKER—COMPANY NOT CHARGEABLE WITH.—The possession of a written application for insurance raises an implication of authority of such person to act for the applicant in negotiating a policy; he is thereby clothed with an *indicium* of authority, and where a wrong or fraud has been committed, that party should be held responsible who first supplied the agent with the means of imposing himself upon the other as such party's agent. So, where the party receiving such application had knowledge that the property to be insured was used for other purposes than those stated in the application, he is so far the agent of the applicant that the insurer is not chargeable with his knowledge of such fact. The rule that where one of two innocent parties must suffer for the wrong of a third, he must suffer who first put it into the power of such third person to commit the wrong is applicable.

4. INSTRUCTIONS—SHOULD DIRECT JURY TO THE EVIDENCE.—It is a well settled rule that juries should be permitted to believe nothing except that belief is occasioned by the evidence; their attention should always be directed to that, and that only, as the ground of their belief, and an instruction which fails so to direct them is erroneous.

5. QUESTIONS OF FACT ONLY SHOULD BE SUBMITTED.—Juries should be limited to the determination of facts. Questions of law should not be submitted to them, but the court should inform the jury what facts, if proved will be sufficient in law to sustain the proposition insisted upon.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 5, 1879.

Messrs. GRANT & SWIFT, for plaintiff in error; that a principal cannot be held to have adopted and ratified the acts of a

voluntary agent, unless all the material facts connected with the act are made known to the principal, cited Cadwell v. Meek, 17 Ill. 227; Mathews v. Hamilton, 23 Ill. 471; Farwell v. Meyer, 35 Ill. 52; Kerr v. Sharp, 83 Ill. 199; Stein v. Kendall, 1 Bradwell, 106.

Taylor and Eastman were the agents of the insured: Lycoming Ins. Co. v. Rubin, 79 Ill. 402.

When the applicant signed the application to be forwarded, he made it his own: Ayres v. Hartford Ins. Co. 17 Iowa, 189; Ayers v. Home Ins. Co. 21 Iowa, 192; Lowell v. Middlesex Ins. Co. 8 Cush. 127; Lee v. Howard Ins. Co. 3 Gray, 583.

The company was not bound by Taylor's knowledge of facts material to the risk: Rockford Ins. Co. v. Nelson, 65 Ill. 422.

Omission of facts relating to the risk were material, even if their disclosure would not have caused the company to raise the rate or refuse the risk: Nicoll v. American Ins. Co. 3 W. & M. 535; Wood v. Hartford Ins. Co. 13 Conn. 533; Mut. Life Ins. Co. v. Miller, 39 Ind. 475; Dewees v. Manhattan Ins. Co. 34 N. J. 243.

The title should have been disclosed in the application: Reaper City Ins. Co. v. Brennan, 58 Ill. 158; Columbian Ins. Co. v. Lawrence, 2 Pet. 42; Atlantic Ins. Co. v. Wright, 22 Ill. 473; Lycoming Ins. Co. v. Jackson, 83 Ill. 308.

As to the right to amend a bill of exceptions: Bergen v. Riggs, 40 Ill. 61; Steele v. The People, 40 Ill. 59; Brooks v. Bruyn, 40 Ill. 64; Wallahan v. The People, 40 Ill. 102; McCormick v. Wheeler, 36 Ill. 114; 9 Chicago Legal News, 334; Tidd's Pr. 714; Rev. Stat. Chap. 7, § 4.

Points in writing need not be made on motion for new trial: O. O. & F. R. V. R. R. Co. v. McMath, Ill. Sup. Ct. 1879.

Defendants in error should assign cross-errors on such objections, or move in this court to strike out the amended record, instead of preparing a separate bill of exceptions against the amendments: Myers v. Phillips, 68 Ill. 269.

Mr. PHILIP STEIN, for defendants in error; against the right to amend a bill of exceptions, cited Rogers v. Hall, 3 Scam. 5; McLaughlin v. Walsh, 3 Scam. 185.

A court has no power over its record after the term has passed, except to correct errors and misprisions of its officers: Co. Litt. 260; 3 Black. Com. 406; People v. Whitson, 74 Ill. 20; Dunham v. So. Park Com'rs, 87 Ill. 185; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Coughran v. Gutchens, 18 Ill. 390; O'Connor v. Mullen, 11 Ill. 116; Forquer v. Forquer, 19 Ill. 68; Rauh v. Ritchie, 1 Bradwell, 288; Baragwanath v. Wilson, 4 Bradwell, 80; Lake v. Morse, 11 Ill. 587; Frink v. Schroyer, 18 Ill. 416.

It can only amend as to matters of form: Lill v. Stookey, 72 Ill. 495; Cook v. Wood, 24 Ill. 295; Smith v. Wilson, 26 Ill. 186; McKindly v. Buck, 43 Ill. 488; State Savings Inst. v. Nelson, 49 Ill. 171; Lilly v. Shaw, 59 Ill. 72; Windett v. Hamilton, 52 Ill. 180; Cox v. Brackett, 41 Ill. 222.

An application to extend time for filing a bill of exceptions must be made within the time originally limited: Evans v. Fisher, 5 Gilm. 569; Burst v. Wayne, 13 Ill. 599; Dent v. Davison, 52 Ill. 109.

Points in writing on motion for new trial should be made: Vanderbilt v. Johnson, 3 Scam. 48; Barnes v. Barber, 1 Gilm. 401; Horn v. Eckert, 63 Ill. 522; St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326.

Plaintiff in error is estopped from taking advantage of the mis-description because it was made by its own agent: Wood on Fire Insurance, 674.

Making the loss payable to other parties than the applicant for insurance was notice to the company that they had an interest in the property: Lycoming Ins. Co. v. Jackson, 83 Ill. 302.

Thomas had an insurable interest in the realty, as the loss must be borne by him: Rockford Ins. Co. v. Nelson, 65 Ill. 415.

Plaintiff in error was not authorized to effect insurance in Wisconsin and it is a question if it can be afforded protection from a contract entered into in violation of law: Rosenthal v. Cin. Mut. Health Co. 55 Ill. 85.

The policy is to be construed most strongly against the maker: May on Insurance, §§ 160, 175; Elliott v. Hamilton M. I. Co. 13 Gray, 139.

Against incorporating testimony *verbatim* in a bill of exceptions: Harvey v. Van De Mark, 71 Ill. 117; C. & A. R. R. Co. v. R. R. I. & St. L. R. R. Co. 72 Ill. 34; Kelley v. Kellogg, 79 Ill. 477; Thatcher v. The People, 79 Ill. 597.

BAILEY, P. J.    When the record in this cause was first filed in this court, the bill of exceptions failed to show the instructions to the jury, the motion for a new trial, the decision of said motion, and the defendant's exceptions thereto. Subsequently, the defendant, on due notice to the plaintiffs, entered its motion in the court below to amend the bill of exceptions by inserting therein the matter thus omitted, which motion was granted against the objection and exception of the plaintiffs, and the bill of exceptions amended accordingly.    The amended record having been brought to this court, the plaintiffs have filed cross-errors, assigning for error the decision of the court granting the amendment.    On this point it is sufficient to say that the practice of amending bills of exceptions subsequent to the term at which they are signed and filed, on due notice to the opposite party, in order to correct errors or supply omissions therein, has been repeatedly sanctioned by the Supreme Court, and cannot now be successfully called in question.    Wallahan et al. v. The People, 40 Ill. 103; Brooks v. Bruyn, Id. 64; Goodrich v. City of Minonk, 62 Id. 121.

This suit was brought by Joseph and Henry Mann against the Fame Insurance Company on a policy of insurance against fire, issued by the defendant to one David J. Thomas, and containing a provision that the loss, if any, should be payable to the plaintiffs, as their interest might appear.    The question of the right of the plaintiffs to bring suit on such policy in their own names is expressly waived by the defendant, and so need not be considered.

The policy in suit was for the sum of $1,000, and covered a certain building occupied by said Thomas, and described as " his two-story frame, shingle-roof, clothes-pin and broom-handle factory building," and also certain machinery and fixtures contained in said building.    The defense is based upon certain alleged false representations or concealments by the

assured in procuring his policy of insurance, relative to the title and occupancy of the property covered by the policy. The property was insured upon a written application for insurance signed by said Thomas, in which, to the question, "Is it viz: the property to be insured, owned and occupied by the applicant?" he answered, "Yes;" and to an inquiry as to whether there was any incumbrance on the property, a negative answer was given. The premises were also named and described in the application as "a clothes-pin and broom-handle factory;" and to the question: "What is the precise kind of goods made, and of what material?" the answer, "clothes-pins and broom-handles" was given.

The evidence shows that said building was erected by Thomas on land belonging to the Wisconsin Central Railroad Company, and that at the time some arrangement existed between him and the Company for the purchase of said land; and that the plaintiffs purchased and paid for the same, taking the title in their own names, and agreed with Thomas to hold the title as security for a large indebtedness owing from him to them. Said indebtedness, to an amount exceeding the insurance, remained unpaid at the date both of the policy and the loss. The evidence further shows that at the date of the policy and from thence up to the date of the loss, a portion of the building was occupied and used by Thomas as a shingle factory.

The circumstances attending the execution of the policy, as shown by the record, are substantially as follows : One Taylor, who at that time was doing an insurance business, having his office at Menasha, Wis., but who does not appear to have been in the employ of the defendants, as agent or otherwise, called upon said Thomas, at Colby, Wis., where the latter resided, and where the property described in the policy was situate, to solicit from him an application for insurance. The interview resulted in the execution by Thomas of an application written upon a printed blank of the Planters' Insurance Company. The application was addressed to the Mercantile Insurance Company of Chicago, but Taylor was instructed by Thomas to place the insurance with any good company he might select. It does not appear that the name of the defendant company was

mentioned, nor that any claim was made by Taylor of author-
ity to act as its agent. The application was transmitted by
Taylor to one Eastman, an insurance broker, doing business in
Chicago, and by him presented to an agent of the defendant,
who issued and delivered to Eastman, for Thomas, the policy
in suit. It appears that Eastman subsequently paid the pre-
mium to the defendant's agent, and also that Thomas paid the
premium to Taylor, but there is no evidence of the payment of
said money by Taylor to Eastman. On these facts, the court,
after refusing to give to the jury the instructions asked on
behalf of the defendant, gave to them, on his own motion, an
instruction, the material part of which was as follows:

" The contest is over the facts that a shingle factory was
carried on on the premises, and that Thomas was not absolute
owner of the property. If Taylor solicited Thomas to insure,
and Thomas got the policy from him and paid the premium to
him after getting the policy, and if the defendant delivered the
policy before receiving the premium, and did not get it from
any other source than the money paid by Thomas to Taylor,
and if Thomas did not employ Taylor to apply to any company
for insurance, then Taylor is to be regarded, so far as Thomas
and the plaintiffs are concerned, as the agent of the defendants;
and if he knew or was informed, before sending in the applica-
tion by Thomas, or any copy thereof, of the real facts as to the
business and the ownership, and if shingles were made on the
premises, and if Thomas was entitled to the property upon
payment of the indebtedness, then the defendants cannot
object that the business or ownership was not truly stated in
the application or policy. But if Taylor was not informed,
and did not know that shingles were made upon the premises,
or that Thomas had not the title, then the plaintiffs are not
entitled to recover."

We are unable to perceive how injury could have resulted to
the defendant from this instruction so far as concerns Thomas'
title to the property. It was unnecessary for the plaintiffs to
establish the relation of principal and agent between Taylor
and the defendant, in order to charge the defendant with notice of
the true state of the title. The policy being made specifically

Fame Ins. Co. v. Mann.

payable, in case of loss, to the plaintiffs, as their interest should appear, conclusively establishes notice to the defendant of some interest in the plaintiffs in the property insured. It is true, the nature and extent of that interest is not defined, but the defendant being put upon inquiry by the terms of its own policy, is chargeable with notice of all such facts in relation to plaintiffs' interest as a proper and diligent investigation would have developed.

There is no evidence of notice to the defendant of the occupancy of a portion of the building insured as a shingle factory, unless the defendant is chargeable with notice of such facts as were within the knowledge of Taylor. That Taylor knew of such occupancy at the time he received the application is sufficiently shown. If, then, under the evidence, Taylor is to be regarded, so far as Thomas and the plaintiffs are concerned, as the agent of the defendant, the defendant is chargeable with such notice, otherwise not. That any such agency existed *in fact* is not pretended. The instruction, however, holds that if Thomas dealt with Taylor at the latter's solicitation as a party to furnish him the insurance, and did not, in fact, make Taylor his own agent to apply therefor, and that defendant delivered the policy to Taylor before receiving the premium, and that Taylor subsequently delivered it to Thomas, and received from him the premium, and transmitted the same to the defendant, the relation of principal and agent between Taylor and the defendant will, so far as Thomas and the plaintiffs are concerned, be implied. The proposition is that the defendant, by delivering to Taylor the policy, thus enabling him to deliver it to the insured, and collect the premium, clothed Taylor with a badge of agency upon which the insured had a right to rely in receiving the policy and paying his money therefor.

The instruction, however, entirely ignores the fact that before the execution of the policy, or its transmission to Taylor for delivery to Thomas, Taylor had received from Thomas his written application for insurance, and was thereby clothed with an *indicium* of authority to act for him in procuring the policy. Had Taylor gone in person to defendant's agent, bearing with him Thomas' written application

for a policy, it cannot be doubted that the agent would have been justified in assuming an authority on his part to act for the party who had thus entrusted to him the application. The fact that Taylor, instead of presenting the application in person, transmitted it to defendant's agent through an insurance broker, makes the case no stronger, certainly, for the plaintiffs. It has been held, it is true, that the possession of a policy by a pretended agent of an insurance company raises an implication of authority to act for such company, but upon precisely the same principle, the possession of a written application for insurance raises an implication of authority to act for the applicant in negotiating a policy. The real question is, who first clothed Taylor with a badge of agency? If Thomas, then the defendant was warranted in treating with him as Thomas' agent, and cannot be held, in so doing, to have invested him with a badge of authority to act for itself. The case is one for the application of the familiar maxim, that where one of two innocent persons must suffer from the wrong or fraud of a third, he must suffer who has put it into the power of such third person to commit the wrong or fraud. If, in point of fact, Taylor was the agent neither of the defendant nor Thomas, that party should be held responsible for his acts who first supplied him with the means of imposing himself upon the other as such party's agent.

The instruction given was erroneous in failing to recognize the implications properly arising from the possession by Taylor of Thomas' written application for insurance at the time he opened the negotiation for a policy with the defendant's agent. The case is clearly distinguished from that of the Lycoming Ins. Co. v. Ward, recently decided by the Supreme Court. In that case no written application was executed, but an insurance broker, representing himself to be an agent of the company, negotiated with the plaintiff for a policy, and afterwards obtained from the company such policy, without pre-paying the premium, and delivered it to the plaintiff. The premium was thereupon paid to the broker by the plaintiff, but was not paid over to the company. An attempt was made to defend, on the ground that the premium had not been

paid, it being contended that the broker was the agent of the insured, and not of the company, and that a payment to him would not avail the plaintiff as a payment to the company. It was held, however, that the company, by giving him the policy for delivery to the insured, treated and accredited him as its agent, and that a payment to him was effectual to render the company liable on the policy.

The instruction given is also obnoxious to just criticism in that it wholly fails to direct the attention of the jury to the evidence as the basis of their finding. The doctrine is too well settled and familiar to require elaboration, that juries should be permitted to believe nothing except that belief be occasioned by the evidence, and that their minds should always be directed to that, and to that only, as the ground of their belief. Ewing v. Runkle, 20 Ill. 448; Parker v. Fisher et al. 39 Id. 164; Miller v. Balthasser, 78 Id. 302.

The instruction is also erroneous in submitting to the jury the determination of the question whether Thomas was entitled to the property insured upon paying up all indebtedness to the plaintiffs. Whether he was so entitled or not, was a question of law arising upon the facts appearing in evidence. The court, before giving such instruction, should have informed the jury as to what facts, if proved, would have been sufficient in law to entitle Thomas to said property. No rule of law is better settled than that the jury should be limited to the determination of facts, and that questions of law should not be submitted to them for their consideration.

For the error in giving said instruction, the judgment is reversed and the cause remanded.

Judgment reversed.