# CITY OF CHICAGO
## v.
## ALBERT W. MORSE.

*Municipal Corporations—Negligence—Personal Injuries—Defective Streets—Evidence—Instructions.*

1. Whether or not a certain course of conduct is negligence is for the jury.

2. In an action to recover from a municipality for a personal injury alleged to have been occasioned by a defective street, this court holds as erroneous an instruction given in behalf of plaintiff, the same containing no reference to the evidence, and setting forth in effect that a traveler upon the streets of a city need not exercise ordinary care.

[Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. HEMPSTEAD WASHBURNE and THEODORE BRENTANO, for appellant.

Messrs. WEART & WEART and J. S. McCLURE, for appellee.

GARY, J. By the testimony of the appellee it appears that on a pleasant afternoon, September 8, 1886, about two o'clock, he sat on the driver's seat of a laundry delivery wagon going south on Wabash avenue, a wide street paved with asphalt blocks, paying no attention to anything, and the horse that he had driven for thirteen or fourteen years drew the wagon into a hole, caused by repairs that were being made in the pavement. The result was the overturning of the wagon and breaking of the appellee's leg, and he wants the city to pay for it.

In such a case, if a verdict for him could be sustained at

all, it would be a prerequisite that the instructions, if any were given, not asked for by the city, should be free from all reasonable objection. The court of its own motion gave an instruction, telling the jury that if they believed certain facts the city was liable, without referring in any way to the evidence as the source of belief. Freeport v. Isbell, 83 Ill. 440, and Fame Ins. Co. v. Mann, 4 Ill. App. 485, and cases cited there, show that such an instruction may or may not be overlooked as the merits of the case may appear; and in this case the defect may perhaps be considered cured by a clause added to one of the instructions asked by the city, " that their verdict must be given upon the evidence." " The jury are instructed, as a matter of law, that any person traveling upon a street of a city which is in constant use by the public, has a right, when using the same with due diligence and care, to presume, and act upon the presumption, that it is reasonably safe for ordinary travel throughout its entire width, and free from all dangerous holes, obstructions or other defects," is the first instruction given on the part of the appellee.

There is in this no reference to the evidence, and when the jury are told that appellee " has a right  *　*　*  to presume and act upon the presumption that a street is reasonably safe for ordinary travel throughout its entire width," it in effect informs the jury that a traveler upon a street in this city need take no heed to his ways.

At the best the clause, " when using the same with due diligence and care," serves only to instruct the jury that acting upon the presumption of safety is not inconsistent with due care. It is for a jury to say what action is or is not, consistent with due care; or, in other words, what course of conduct is or is not negligence. Penn. Co. v. Frana, 112 Ill. 398; Myers v. I. & St. L. Ry., 113 Ill. 386. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*