CAROLINE KORNETZSKI, ADMINISTRATRIX, ETC., v. THE CITY OF DETROIT AND THE DETROIT CITY RAILWAY.

*Municipal corporations—Defective streets—Contributory negligence —Driving on street railway track.*

The primary purpose of a street-car track is not travel by the general public, but use by the street-railway company, and a person driving upon it must be deemed to have assumed the ordinary risks attending such use, one of which is held to be the dropping of a wheel into a rut outside the rail, worn by such frequent dropping of wheels.[1]

Error to Wayne. (Reilly, J.) Argued November 4, 1892. Decided December 23, 1892.

Negligence case. Defendant city of Detroit brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*John J. Speed,* for appellant.

---

[1] See *Rascher v. Railway Co.,* 90 Mich. 413.

*Sidney T. Miller (John C. Donnelly,* of counsel), for defendant Detroit City Railway.

*Haug & Yerkes,* for plaintiff.

McGRATH, C. J.   Plaintiff's intestate, while driving upon Mack street, in Detroit, was thrown from his wagon, March 15, 1890, and killed.

Mack street is unpaved, the roadbed is narrow, and the Detroit City Railway had laid its track in the center of the street during the previous summer, at which time the grade of the highway had been conformed to the grade of the railway track.  It was but about eight or ten feet from the track to the ditch on either side of the highway. The highway outside of the track was in a very bad condition, due to an open winter, and to the fact that the travel when upon the roadway was confined to narrow limits.   To avoid that portion of the roadway outside of the track, the track bed was driven upon, and the wagon wheels would frequently drop outside of the rails, causing a succession of ruts just outside of the rails, and driving the earth away from the stringers upon which the rails were laid, so that in some places the track was several inches higher than the street grade.  Plaintiff's intestate was picked up from the roadway, beside his wagon, in an unconscious condition, and died within a few moments. His wagon was used for carrying furniture, and the driver's seat was quite high.   Deceased had evidently been driving along on the street-car track, and one of the front wheels had left the track, and dropped into a rut, which was from six to twelve inches deep.   The horse had evidently stopped as his driver fell, as the wheel was still in the rut when deceased was picked up.   The accident occurred in the day-time, when the condition of the street and of the track, and the liability of the wagon wheels to leave the track and drop into one of these ruts, were apparent.

While the street-car track occupied the street, its primary purpose was not travel by the general public, but use by the street-railway company, and a person driving upon it must be deemed to have assumed the ordinary risks attending such use.    The evidence clearly shows that the danger was an ordinary one incident to the use of the track for driving purposes, and one that was open to observation.    Under the circumstances, the plaintiff's intestate must be deemed to have himself taken the chances, and plaintiff cannot recover.    It is unnecessary, therefore, to consider the other questions raised.

The judgment is reversed, and no new trial ordered, with costs of both courts to appellant.

LONG, GRANT, and DURAND, JJ., concurred with McGRATH, C. J.

MONTGOMERY, J. (*dissenting*). I think that, under the circumstances of this case, the question of the contributory negligence of plaintiff's intestate was properly submitted to the jury.    See Elliott, Roads & S. 470; *Harris v. Township of Clinton*, 64 Mich. 447.