### Calumet Electric St. Ry. Co. v. Henry C. Nolan.

1. NEGLIGENCE—*Of the Plaintiff Precludes a Recovery.*—When it is apparent from the evidence that the plaintiff, in an action for personal injuries, was himself guilty of negligence, he can not recover.

2. COMPARATIVE NEGLIGENCE—*The Doctrine Repudiated.*—The doctrine of comparative negligence has been formally repudiated in Lake Shore & M. S. Ry. Co. v. Hessions, 150 Ill. 546.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

JUDSON F. GOING and J. A. BURHANS, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment in the Superior Court against the appellant for injuries received by him through the alleged negligence of the appellant.

He was driving a double team, drawing a wagon with a load of wood. His seat was in front of the box, by the horses, about seven feet from the ground.

A car was coming behind, and he undertook to turn out. The negligence of the appellant is alleged to be, that holes

were worn in the wood between the rails of the track, into one of which holes a fore wheel of the wagon dropped, throwing the appellee to the ground.

No one but the appellee had any knowledge that the wheel dropped into a hole, and as he was knocked senseless, and remained so until his team was a block and a half away, his testimony that the wheel so dropped is no proof.

He sat forward of the wheels. Where the wheels were when he fell was not within his view. If he infers that the wheel dropped into a hole from seeing the hole before he was over it, then his negligence in driving into it is a bar to recovery; and if he did not so see, he has no proof that the wheel of his wagon dropped into any hole.

The inference that his wheel dropped into some one of the many holes there, does not make a case, because such holes being visible, he should have avoided them. Kornetski v. City of Detroit, 94 Mich. 341; City of Chicago v. Morse, 33 Ill. App. 61.

The wood in which holes were worn does not appear to have been part of the track, but rather of the street.

The ordinance under which the road was constructed provided that "the tracks of said railway shall not be elevated above the surface of the street, and shall be laid with modern improved rails, and in such a manner that carriages and other vehicles can easily and freely cross the same at all points and in all directions without obstruction."

There is no evidence that this ordinance had not been complied with; and no obligation on the part of the appellant to keep any part of the street in repair is shown.

In any possible view of the evidence the appellee had no case.

The old doctrine of comparative negligence formulated by Judge Breese in Galena and Chicago Union R. R. v. Jacobs, 20 Ill. 478, and running its course through scores of volumes of the Illinois Reports, after being often nibbled at, has been finally formally repudiated in Lake Shore & Michigan Southern Ry. v. Hessions, 150 Ill. 546.

The judgment is reversed and the cause remanded.