## Agnes M. Cornell, Appellee, v. City of Chicago, Appellant.

## Gen. No. 16,114.

1. VERDICTS—*effect of conflict in plaintiff's testimony given upon successive trials.* If the testimony of the plaintiff given upon successive trials is variant and open to criticism a verdict in her favor will not necessarily for that reason alone be set aside.

2. VERDICTS—*when not excessive.* Held, in a personal injury action that a verdict for $2800 was not excessive where it appeared that the plaintiff at the time of the accident was 25 years of age, suffered as a result thereof a fracture of the patella of the right knee and that an operation was required, etc.

3. INSTRUCTIONS—*when erroneous upon exercise of care by plaintiff in sidewalk injury case will not reverse.* Such instructions will not reverse where the jury in other instructions were told clearly what the law was and it was unlikely, upon the simple facts and issue involved, that they were misled.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 1, 1912.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH, of counsel.

WILLIAM H. QUINLAN and ARNOTT STUBBLEFIELD, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee, hereinafter called plaintiff, in a suit for damages for personal injuries against the appellant, hereinafter called defendant, obtained a verdict for the sum of $2800; the Court entered judgment thereon and the defendant appealed.

On the west side of 43rd avenue, between Montrose boulevard and Sunnyside avenue, a distance of one block, in Chicago, the plank sidewalk had been condemned and a cement sidewalk built from Sunnyside avenue south to about the middle of the block, and from this point south to Montrose boulevard was the old plank sidewalk, in which there were certain holes where the planks were missing.

The plaintiff was walking north on the said plank sidewalk with a lady friend about eight o'clock on a Sunday morning on their way to church. The plaintiff had been in the habit of crossing a certain large lot, thereby shortening the route to church, and in so doing not passing over the sidewalk in question. On this particular morning the lot was covered with water and she changed her course and thereby used the said sidewalk over which she had not before passed. She

testified that she stubbed her toe on a plank at one of the holes, stumbled and fell into another hole at the end of the cement walk, where several planks were missing. She struck her right knee on a two by four at the end of the cement sidewalk.

The defendant urges that the plaintiff was guilty of contributory negligence. The principal ground justifying this argument was some difference in the plaintiff's testimony from that given by her on a former trial. While there is some basis for criticism of plaintiff's testimony, we would not be warranted by reason thereof in disturbing the verdict of the jury.

The defendant complains of two instructions given by the Court on behalf of the plaintiff, as follows:

"1.    The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city, which is in constant use by the public, has a right, when using the same with due diligence and care, to presume, and to act upon the presumption, that it is reasonably safe for ordinary travel, throughout its entire width, and free from all dangerous holes, obstructions or other defects.

"2.    The court instructs the jury that a person passing over a sidewalk or street is not bound to exercise more than reasonable care and caution in respect to his own safety. Until he is charged with notice to the contrary, he has a right to presume the same to be in a reasonably safe condition."

The first of these instructions was held erroneous in Chicago v. Sutton, 136 Ill. App. 221, and substantially the same in Chicago v. Morse, 33 Ill. App. 61, was also there held error. The Court also gave at the request of the defendant, among others, the following instructions:

"1.    If you believe from the evidence that at the time and place in question the plaintiff was negligent and that such negligence on her part proximately contributed to cause the alleged accident, then you are instructed that she cannot recover in this case, irrespect-

ive of whether you believe that the defendant was or was not negligent.

"2. If the jury believe from the evidence that the plaintiff was negligent and that her negligence, if she was negligent, proximately contributed to cause the injury herein complained of, then you should return a verdict of not guilty; or, if the jury believe from the evidence that the plaintiff failed to exercise ordinary care for her own safety, and that this failure to use such care proximately contributed in any way to bring about the accident which resulted in the injuries complained of, then you should return a verdict of not guilty.

"6. The court instructs the jury that the law places upon all persons the duty of exercising ordinary care to avoid injury. Therefore, if you find from a preponderance of the evidence that at the time and place in question the alleged accident could have been avoided by the exercise of ordinary care on the part of said plaintiff, and that the plaintiff at said time and place failed to exercise such ordinary care and that such failure on her part to use such care proximately contributed to cause the alleged accident, then you should find the defendant not guilty."

It was error to give the instructions complained of, and they should not have been given. However, should the giving of said instructions in this case be held reversible error? The declaration consisted of one count charging the defendant with negligence in allowing, etc., said holes in the said sidewalk. The negligence charged was so certain that it was not subject to controversy. The only other issue of fact on the question of the defendant's liability was whether the plaintiff was guilty of contributory negligence. The plaintiff observed the condition of the sidewalk and said, quoting from the abstract: "As I approached the place where I fell I saw the hole and I wondered how I was going to get across without getting muddy. I should think it was about two or three feet from the hole where I fell in, that I tripped. I don't think that I

noticed the hole I stumbled over as much as the larger hole. I saw holes in the sidewalk before I reached the place I fell.'' On cross-examination an attempt was made to get her to admit that she had stated on the previous trial she had not seen the hole where she tripped before she fell, and also that she had said that she had caught her toe under the plank. To the series of questions as to the first proposition she answered no to some and to others that she did not remember; and to those in relation to the second proposition her replies were in substance that she thought she did so answer. It was admitted by her counsel that on the previous trial she had answered as contended. We are not able to understand how this cross-examination proved the plaintiff was guilty of contributory negligence, and the defendant in its brief says: ''On the question of due care, we do not think it important whether she saw the hole before she stubbed her toe in it or not.'' The position of defendant is that if plaintiff saw the hole which caused her to trip, she could have avoided same by the slightest care, and if she did not see it, and their theory is that she was busy talking to her companion and did not see it, she was not exercising ordinary care, and therefore, in either event, was guilty of contributory negligence. Two witnesses testified that they saw the plaintiff fall and corroborated her testimony except as to the exact manner of her falling, of which one of them, her companion, said: ''We came to this one place where there was a board or so missing, and she stepped over it and fell forward and struck her knee and she turned,'' etc. The other said: ''As near as I could make out, she was trying to step over that wooden walk over onto that cement walk, or over onto that two by four. I don't know exactly because I could not see just that much of it; then she slipped and fell.''

The issue of fact as to liability was confined to the one question of plaintiff's care, and in that respect the

jury found, and we believe that the evidence showed, that the plaintiff was exercising ordinary care, and is uncontradicted unless it be held that the testimony pertaining to the said cross-examination, as detailed, showed she was negligent, and we do not think it can be so considered.

The instructions given at the request of the defendant in three different forms clearly stated to the jury the rule of law pertaining to contributory negligence on the part of the plaintiff, and being on an issue so plain and simple and practically uncontroverted, it is difficult to see how the instructions complained of could have misled the jury. In Chicago v. Morse, *supra,* the Court said: ''Such an instruction may or may not be overlooked, as the merits of the case may appear.'' On a previous trial there had been a verdict for the plaintiff, and under all the facts and circumstances in this case we have concluded not to hold the giving of said instructions complained of reversible error.

The defendant insists that the damages are excessive. The testimony on behalf of the plaintiff, who was twenty-five years old at the time of the accident, was uncontradicted that the patella of her right knee was fractured into three parts; that an operation was necessary and the parts were wired together; that she was in the hospital as a result of the injury for several weeks, and there suffered, and for a long time after, intense pain. She also testified that at the time of the trial, four years after the accident, her knee ached a great deal and was weak; that she could not kneel on it and had trouble in walking, etc. The defense introduced the testimony of a doctor, who attended the plaintiff in confinement, and also five neighbors, who testified that they had seen plaintiff walk and had observed nothing unusual in her walk. The doctor also said he had noticed nothing unusual about her knee, but also said his attention had not been called to the condition of her knee. On this evidence we are

not inclined to hold the damages excessive.

The other errors complained of are unimportant, and the judgment is affirmed.

*Affirmed.*