## BOZEMAN v. SHAW.

1. PLEADING AND PRACTICE: Arrest of judgment.
   If a matter in controversy has been adjudicated in a former suit, this is ground for defense, but not for arrest of judgment.

2. PRACTICE: Verdict in conformity to appellant's instructions must stand.
   A party cannot complain of a verdict which conforms to an instruction asked by himself, though the instruction be wrong.

3. MALICIOUS PROSECUTION: *Malice, Proof of; when presumed.*

To maintain an action for maliciously attaching the plaintiff's goods, it is not necessary to prove that the defendant, in suing out the attachment, acted dishonestly, or with actual malice. If there was no probable cause to believe that the facts alleged in the affidavit for the attachment were true, the jury may presume malice.

APPEAL from *Clark* Circuit Court.
Hon. A. B. WILLIAMS, Special Judge.

The opinion states the case.

*H. H. Coleman,* for appellant:

I. The Act of 1875, adjourned session, requires the "court or jury to assess the damages sustained," etc. This language embraces *damages of every kind,* and appellee exhausted his remedy by his first judgment.

II. The law requires *malice,* and the evidence shows that appellant was moved by *stern necessity,* and did not attach until every other avenue of justice was closed against him. *Drake on Attachment, sec.* 742; and then only under advice of counsel. *Ib., sec.* 743.

III. But the essential ground is, that appellant commenced his attachment without probable cause. *Ib., sec.* 732. The evidence rebuts this.

*S. R. Allen,* for appellee:

All exceptions which do not appear in the motion for a new trial are waived. *Hopkins* v. *Commonwealth,* 3 *Bush.,* 480; *Stater* v. *Sherman,* 5 *Bush.,* 211; *L. C. & L. R. R. Co.* v. *Mahoney's Adm'r.,* 7 *Bush.,* 238; *Gibbs* v. *Dixon,* 33 *Ark.,* 107.

This court will not reverse, unless the verdict of the jury

11—37

is so repugnant as to shock the sense of justice. The first jury found, *as that alone was submitted to them*, that the attachment was wrongfully obtained, and only assessed the *actual damages;* in this case they found that the attachment was *maliciously* sued out, and awarded exemplary or punitive damages. No error of law is complained of, and the evidence certainly sustains the verdict.

A party cannot complain of a verdict given in accordance with instructions asked by himself. We need cite no authorities—it is too well settled.

The motion to arrest is unknown to our civil Code. A judgment may be arrested only in criminal cases. By any system of practice, it was only to reach a case where, from the record, it appears that plaintiff was not entitled to judgment. *Bouvier Law Dict.*, 1 *Vol.*, 146.


EAKIN, J. The appellee, Shaw, had been sued by Bozeman in an attachment suit. The attachment was not sustained, and, upon its dissolution, a verdict and judgment, under the Statute, had been rendered against Bozeman for wrongfully suing it out.

Shaw afterwards brought this action against Bozeman for suing out the attachment maliciously, and without probable cause, seeking exemplary or punitive damages.

Malice and want of probable cause were denied by the answer, which also set up the former judgment for damages in the action of attachment. Upon these issues the jury rendered a verdict for $500 against defendant, Bozeman, who appeals.

There was a motion for a new trial, in which the only grounds assigned were, that the verdict was contrary to the law and the evidence. Also, a motion in arrest of judgment, on the ground that the matter of damages arising

Bozeman v. Shaw.

from the transactions had been adjudicated in the former suit. Both motions were overruled.

The motion in arrest, for the reason assigned, was not proper. It was matter of defense, if good, under any circumstances, and had, indeed, been put in issue by the pleadings. The court, upon defendant's own motion, had instructed the jury that if they found that the plaintiff, in another action, had recovered the actual damages sustained by him upon the dissolution of the attachment, they should, in making up their verdict in this case, exclude all actual damages from their consideration; and to find for the defendant, unless they found plaintiff entitled to vindictive or punitive damages.

1. ARREST OF JUDGMENT — res judicata, no ground for.

This was ground selected by defendant for himself, and upon which he was allowed to stand before the jury, at his own request. It is not necessary to determine whether the law was correctly given. There was certainly no ground, afterwards, for motion in arrest of judgment.

2. VERDICT: In conformity to appellant's instructions must stand.

It remains to consider whether the verdict was against the evidence, which is the only substantial point made by the appeal. The evidence tends to show that plaintiff was in a lucrative mercantile business; that defendant had a claim, or thought he had, against him for the correction of an account of their past dealings; that he was unable to get a settlement; that plaintiff was selling off his stock, and disposing of property; and that defendant, Bozeman, despairing of other remedy, and advised by his counsel, adopted that of attachment. He made oath that plaintiff was disposing of his property for the purpose of cheating, hindering and delaying his creditors. At least, this seems to be admitted by the pleadings. The affidavit is not copied into the transcript, although the writ of attachment is.

3. MALICIOUS PROSECUTION: Malice, proof of, when presumed.

There is no reason to believe that Bozeman acted dishonestly, or with actual malice. But on the other hand,

there was no positive evidence of the facts upon which the affidavit and attachment were grounded. The jury found there was no probable cause to believe they existed, and upon that were justified in presuming malice. .

The business of plaintiff seems to have been broken up, and his credit injured by the attachment. The jury had evidence before them to justify a verdict for exemplary damages, and the amount does not seem excessive.

Affirm the judgment.

