# Lunsford *v.* Dietrich.

### *Action for Malicious Prosecution.*

1. *Judicial proceedings before justice of the peace; how proved.*—Proceedings had before a justice of the peace, in a criminal case, are properly proved by the production of the original papers, accompanied with proper proof of identity and verity, or by sworn copies; though, in civil cases, by statutory provision (Code, § 3319), a certified statement of the judgment, by him or his successor in office, is made presumptive evidence thereof.

2. *Probable cause as defense; evidence rebutting.*—As evidence relative to the issue of probable cause *vel non,* in an action for a malicious prosecution for larceny, the plaintiff may prove his ownership of the goods alleged to have been stolen, and adduce evidence tending to show the prosecutor's knowledge thereof.

3. *Custom among architects, as to ownership and use of plans and specifications.*—Where the plaintiff, having been prosecuted for the larceny of the plans and specifications of a building in process of erection by the prosecutor, sues for a malicious prosecution after his acquittal, he may prove a universal custom among architects and builders, to the effect that the plans and specifications belong to the architect by whom they are drawn, though the builder may have a special property in them during the construction of the building; and, as tending to show the prosecutor's knowledge of the custom, may prove that he had erected other buildings by plans and specifications drawn by architects.

4. *Trespass and larceny, as between owners of general and special property in chattels.*—A person who, having the general ownership and right of property in a chattel, wrongfully takes it from the possession of another who has a special property in it, is guilty of a trespass; but, if the taking is done openly, in the presence of the special owner, or of persons known to him, under the assertion of adverse right, he is not guilty of larceny.

5. *Malice, and want of probable cause.*—To support an action for malicious prosecution, malice and a want of probable cause must concur; and although malice may be inferred from a want of probable cause, the inference may be rebutted by proof of the prosecutor's honest belief of the guilt of the person charged, founded on facts and circumstances sufficient to produce such belief in the mind of a reasonable and prudent man, thereby repelling the inference of malice.

6. *Damages.*—In an action for a malicious prosecution on the charge of larceny, it is not error to instruct the jury that the plaintiff, "if entitled to recover at all, can recover such actual damages as naturally and proximately followed the arrest on such charge, such as physical suffering and wounded pride."

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Carl Dietrich against George Lunsford, to recover damages for a malicious prosecution on the charge of larceny; and was commenced on the 9th De-

[Lunsford v. Dietrich.]

cember, 1886. The charge of larceny was based on the plaintiff's abstraction of the plans and specifications of a building which said Lunsford was erecting in the city of Birmingham, the same having been drawn and furnished by said Dietrich and one Rousseau, who were at the time partners. The court charged the jury, "that the plaintiff, if he was entitled to recover at all, could recover such actual damages as naturally and proximately followed the arrest on the charge of larceny, such as physical suffering and wounded pride on account of the arrest, if he suffered such; but, as to the particular amount of such damages, a witness could not testify, but they must be determined by the jury from the circumstances of the case." The defendant excepted to this charge, and also to the refusal of the following charges which were asked by him in writing: (1.) "The unconditional delivery by the plaintiff to the defendant, of the plans and drawings which plaintiff and Rosseau had been employed by defendant to make for the building he was erecting, made them the special property of the defendant; and the subsequent tearing and taking of such plans and drawings by plaintiff, without the consent of the defendant, was a trespass." (2.) "Every larceny includes a trespass. Larceny is the taking and removing, by trespass, of personal property which the trespasser knows to belong, either generally or specially, to another, with the intent to deprive the owner of his property." (3.) "If the facts and circumstances of the taking and carrying away by the plaintiff, of the drawings and plans before that time delivered to the defendant, were calculated to produce, at the time, in the mind of a prudent and reasonable man, a well grounded belief or suspicion of the plaintiff's guilt of larceny, or other indictable offense, then malice can not be inferred, or implied from the want of probable cause." The refusal of these charges, the charge given, and several rulings on evidence, which are stated in the opinion of the court, are now assigned as error.

WARD & HEAD, for appellant, cited *Ewing v. Sandford*, 21 Ala. 157; *Long v. Rodgers*, 19 Ala. 321; *Grant v. Dennis*, 38 Amer. Dec. 228; Cooley on Torts, 181; 3 Wash. C. C. 31; 52 Ala. 411; 70 Ala. 411; 57 Amer. Dec. 271.

CLOPTON, J.—Appellant instituted a criminal prosecution against appellee, by causing a warrant for his arrest to be issued by a justice of the peace, on the charge of larceny

of the drawings for a building. The criminal proceedings having been terminated, and appellee discharged, he brings this action for malicious prosecution. For the purpose of proving that the prosecution was instituted by the defendant, and its termination, the original affidavit made by him, the warrant of arrest, and the docket of the justice, were introduced in evidence, against the objection of the defendant. The ground of objection is, that the original papers and docket are not self-proving instruments, and should be authenticated by the certificate of the magistrate. It may be conceded, that the original papers and docket are not self-proving, and must be sustained by proof of identity. The docket was identified, and that such proof in respect to the affidavit and warrant was made is presumable from the bill of exceptions, especially as the want of proof of identity is not specified as a ground of objection. Section 3319 of the Code, 1886, which makes a statement of any judgment rendered by a justice of the peace, made and certified by him, or by his successor in possession of his docket, presumptive evidence of the fact, has been construed as having reference only to judgments in civil cases. In the absence of a statute, a certified transcript of the papers and judgment of a court, not a court of record, is not legal evidence. The proceedings in such courts must be proved by the production of the original papers and docket, accompanied by proper proof of identity and verity, or by sworn copies, Also, in civil causes, section 3319 is merely cumulative, and does not abrogate the former mode of proof.—*Burns v. Campbell*, 71 Ala. 271; *Blackman v. Dowling*, 57 Ala. 78.

In support of the issue of probable cause *vel non*, it was competent for the plaintiff to prove, that the property of the drawings was in him; for it is an essential element of larceny, that the goods taken belong to some person other than the taker. For this purpose, it was permissible for the plaintiff to prove a universal custom, that the drawings for a structure remain the property of the architect, and that the builder is only entitled to the use of them during the time of the construction, to be returned when the building is completed; and also, that the defendant had erected buildings by plans and specifications drawn by architects, in order to trace knowledge of the custom to him. But, though the plaintiff may have been the general owner of the drawings, the defendant might also have had a special property in them, and the plaintiff be guilty of larceny, if he fraudulently and

[Lunsford v. Dietrich.]

clandestinely took them from the possession of the defendant, with a felonious intent to convert them to his own use, or to deprive defendant of his ownership.    Under the custom, as proved by plaintiff, the defendant was entitled to the use and possession of the drawings during the time the building was in course of construction, and this vested in him a special property. .

Larceny ordinarily includes a trespass.    Every direct and forcible invasion of another's right, which causes injury to his possession—any interference with the goods of another, by taking them from the possession of the owner without his consent, and without excuse or justification, is a trespass. An interference by the general owner with goods in the possession of one who has a special property and right of possession, is an injury to such possession, and having the general property is not an excuse or justification.    A bailor may commit a trespass by taking goods from the possession of his bailee.    A landlord may wrongfully invade the possession of his tenant.    If, after an unconditional delivery of the drawings by the architect to the defendant, under the contract of employment, the plaintiff, before the completion of the building, and while they were in the possession of the defendant, took and carried them away without his consent, he thereby committed a trespass, and the court should have so instructed the jury at the request of the defendant.

The plaintiff, however, may have been a trespasser, and yet not have committed the offense of larceny.    To constitute the offense, the wrongful act must be secret or fraudulent, and done with felonious intent to convert the property to the taker's own use, or to deprive the owner of his property.    If done openly, in the presence of the owner, or of other persons known to him, the taking and carrying away of the drawings is a mere civil tort.—Johnson v. State, 73 Ala. 523.

To maintain an action for a malicious prosecution, two essential elements must occur—malice, and a want of probable cause.    The inference of malice may be drawn from a want of probable cause; but such inference is subject to be rebutted by proof that the prosecutor, though not able to show probable cause, instituted the prosecution under an honest belief that the plaintiff was guilty of the offense. charged; provided such belief is founded on facts and circumstances, which would produce in the mind of a reasonable and prudent man such serious suspicion of the plaintiff's

guilt as to repel the idea that the prosecutor was actuated by malice. Such is the settled rule.—*Long v. Rodgers*, 19 Ala. 326; *Ewing v. Sandford*, 21 Ala. 157; *McLeod v. McLeod*, 73 Ala. 42.

We discover no error in the charge of the court relating to the measure of damages.

Reversed and remanded.