## CHARLES COUNSELMAN AND ALBERT M. DAY

### v.

## CHARLES C. COLLINS.

*Agency—Commission Merchants—Board of Trade—Action to Recover Commissions and Money Paid for Losses—Written Contract and Receipt—Evidence—Instructions—Verdict.*

1. In order to bind a party by an adverse verdict upon conflicting evidence, it is essential that the jury should not have been wrongfully instructed against him.

2. The fact that the trial court gave a counter instruction does not cure the giving of an erroneous one, it being impossible to tell which one the jury regarded, if either.

3. In an action by commission merchants to recover an amount claimed to be due for commissions and money paid, the fact being that a sum was previously paid by a third person for defendant to plaintiffs, who thereupon delivered to his attorney a receipt in full, this court holds that, notwithstanding the execution and delivery thereof, it was admissible for the plaintiffs to show that by a previous agreement between themselves and the defendant, the receipt had no effect as to them; that it was never intended as a contract but was made for another purpose.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. TENNEY, HAWLEY & COFFEEN and S. S. GREGORY, for appellants.

Messrs. FRED. A. SMITH and CRATTY BROTHERS & ASHCRAFT, for appellee.

GARY, P. J. The appellants sued the appellee for commissions and money paid for losses on stock and grain dealings on the boards in New York and Chicago, in which the appellants were agents of the appellee. The evidence is very voluminous, but the part affecting the question to be decided may be briefly stated.

The losses of the appellee were very great. Whether he had used money that he had no right to use was in question. To get him out of difficulty had become a family matter.

A witness named Keep paid to the appellants for the appellee $7,500. The appellants were informed that the money was furnished by relatives of the appellee, and that Keep acted for them. After the money was paid, Keep and one of the appellants informed the attorney of the appellee that a settlement had been made, and the appellants gave to the attorney a receipt, as follows:

"$7,500.                              CHICAGO, April 13, 1886.

Received of Charles C. Collins seven thousand five hundred dollars in full for all debts, claims, demands, balances, stock liability, and liability of every name and nature, due from him at that date; it being understood that all accounts and dealings between said Collins and the undersigned are this day closed and fully satisfied.

COUNSELMAN & DAY."

Whether other considerations than the $7,500 entered into the settlement was a disputed matter on the trial. There was testimony on the part of the appellants, that before the meeting at which Keep paid the money, and at which the appellee was not present, appellee told the appellants to sign any paper that should be asked of them; that it would make no difference, he would pay his account in full.

The court instructed the jury: " That the paper in evidence, dated April 13, 1886, which is in part a receipt in full, is a written contract, signed by the plaintiffs, Counselman & Day, and, as they do not dispute that they signed it voluntarily, you are instructed that it amounts in law to a written contract ; that all matters prior to that date, are finally adjusted between them and discharged ; so, if you believe from the evidence that it was entered into by the respective parties fairly and in good faith, it shuts out all conversations or promises which may have occurred at that time or prior thereto, which might tend to vary or contradict its terms, and no new promise to pay plaintiffs their claim made at that time, or before or after, would make the defendant liable." So far as relates

to a subsequent promise the instruction is correct. 1 Ch. Cont. 58, note " k "; 1 Pars. on Cont. 434, note " u."

But notwithstanding the execution and delivery of the receipt to the attorney of the appellee, it was admissible for the appellants to show that by a previous agreement between the parties, the receipt had no effect between themselves; that it was never intended as a contract, but was made for another purpose. The authorities to this point are cited in 1 Greenleaf on Ev., Sec. 284, note 2, and 2 Tay. on Ev. 967, note 4.

What application to the facts of this case the phrase, " fairly and in good faith," has, is not easy to determine, but it is not susceptible of any meaning that could put before the jury the question whether the receipt was, between the parties, intended to have, or not to have, any effect. This is not a variation of a written contract by parol, but showing by parol that a paper purporting to be a contract, is not a contract. Earle v. Rice, 111 Mass. 17; Pym v. Campbell, 6 E. and B. 370 ; 88 E. C. L. R.

That for the appellants the court gave a counter instruction is not an answer to the error, as it can not be told which the jury regarded, if either. W., St. L. & P. v. Shacklet, 105 Ill. 364; Leyenberger v. Paul, 12 Ill. App. 635.

Nor is it true, as claimed in the brief for the appellee, that as the appellants do not claim a reversal because the evidence is insufficient, therefore, whatever the evidence tends to show in favor of the appellee must be taken as absolutely proven. It may be conceded that a verdict for the appellee upon the evidence shown by this record, with proper instructions, or with none, if none were asked by the appellants, would be conclusive. Probably that is true. But in order to bind a party by an adverse verdict upon conflicting evidence, it is essential that the jury should not have been wrongly instructed against him. Wabash Ry. v. Henks, 91 Ill. 406.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*