# Lunsford *v.* Dietrich.

## *Action for Malicious Prosecution.*

1. *When action lies.*—To sustain an action for malicious prosecution, the plaintiff must prove (1) that the prosecution was malicious, and (2) that it was instituted without probable cause; and while the want of probable cause is not the legal equivalent of malice, it is a fact from which the jury may infer malice.

2. *Proof of malice.*—The existence of malice being a fact which is, incapable of positive or direct proof, it must be established by inferences or deductions from facts which can be laid before the jury; and a wide range is permitted in proof of attendant facts and circumstances tending to throw light on the main subject, such as the prosecutor's conduct and acts showing his anxiety and efforts to procure the arrest.

3. *What constitutes malice.*—To establish malice in the institution of a criminal prosecution, it is not necessary that there should be any personal ill-will, hate, desire for revenge, or other malignant passion. "Whatever is done willfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, in legal contemplation is maliciously done."

4. *What constitutes probable cause.*—Probable cause "is such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice, to believe that the person accused is guilty;" but the prosecutor's honest belief of his guilt is immaterial, unless founded on facts which would justify such belief on the part of a person of ordinary caution and prudence so acting.

5. *What constitutes larceny.*—While larceny includes a trespass, it is more than a trespass, in that it involves felonious intent and fraud or secretiveness in effecting it; and knowledge of another's ownership, and the intent to deprive him of it, are not the equivalent of these elements.

6. *Statement of facts to officer issuing warrant.*—If the prosecutor made a written statement, under oath, to the officer who issued the warrant of arrest, of the real facts connected with the matter of which he complains, he would not be liable for the error or mistake of the officer in issuing a warrant for an offense not justified by those facts; but, if he signs a written affidavit stating facts which amount to a charge of larceny, the fact that he had previously made an oral statement of the facts in detail to the officer, is no defense.

7. *Argument of counsel to jury; exception.*—A recital in the bill of exception in these words, "Defendant excepted to this remark" [made by plaintiff's counsel in his argument to the jury, as to the damages he was entitled to recover] "because no such damages were claimed, and no proof offered to sustain the claim. The court did not exclude the remarks, and counsel did not withdraw them,"—does not show any exception to any action or ruling of the court, nor indeed any action or ruling of the court whatever.

[Lunsford v. Dietrich.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Carl Dietrich (or Ditterick) against George Lunsford, to recover damages for a malicious prosecution on a charge of larceny; and was commenced on the 9th December, 1886. The charge of larceny was based on the plaintiff's abstraction of the plans and specifications of a building, which Lunsford was erecting in Birmingham. Lunsford testified that he had employed one Rousseau, an architect, to draw the plans and superintend the work on the house, and Rousseau testified to the same effect. By the terms of the contract, $250, one half of the agreed price, was to be paid on the completion and delivery of the plans and specifications, and the balance was to be credited on a debt which Rousseau owed Lunsford. The plans were delivered, and the cash payment made to Rousseau. At the time this contract was made, Dietrich was working in Rousseau's office, and prepared some of the plans and specifications; and they afterwards formed a partnership. After the first story of the building was completed, and while the workmen had the plans, Rousseau went to Selma on business; and Dietrich then went to Lunsford, told him that the partnership between him and Rousseau was dissolved, and demanded payment of the balance due from Lunsford. Lunsford refused to pay any thing, claiming that he had made full payment to Rousseau. Dietrich then went to the building, where the workmen were, took possession of the plans and specifications, and afterwards destroyed them; but he subsequently offered to reproduce them for $500. On learning of the abstraction of the papers, Lunsford went before B. M. Allen, a justice of the peace, and made complaint; but Justice Allen told him the facts would not support a prosecution for larceny, and issued a writ in detinue for the papers; and when it appeared that the papers had been destroyed, nothing further was done with that suit. Lunsford then went to W. T. Poe, another justice of the peace, who issued a warrant for the arrest of Dietrich on a charge of larceny. The affidavit on which the warrant issued was subscribed by Lunsford, and was offered in evidence on the trial, but it is not set out in the record. Poe was examined as a witness for the plaintiff, and testified on cross-examination, "that Lunsford came to him at his office, stated that plaintiff had taken (had stolen) drawings for which he had paid, without his consent, and had destroyed them, and he had witnesses to prove it."

During the trial, several exceptions were reserved by the defendant to rulings of the court on the admissibility of evi-

dence, as shown by the opinion; but the material assignments
of error are based on the refusal of the following charges,
which were asked by the defendant in writing:

(5.) "The burden is on 'the plaintiff to give in evidence
facts sufficient to satisfy the jury that the defendant, in insti-
tuting a criminal prosecution against him, had no ground for
the proceeding but a desire to injure him." (9.) "That assum-
ing the evidence in this case to be true, malice of defendant
can not be inferred; the burden was on the plaintiff to prove
it." (10.) "That in respect to a criminal prosecution, probable
cause is conduct of the accused tending to show that the prosecu-
tion was undertaken from public motives, or such facts as would
induce a reasonable man to commence a prosecution, or circum-
stances sufficient to warrant a prudent man in the belief that the
party (the plaintiff in this case) is guilty, or such state of facts as
would lead a man of ordinary caution and prudence to enter-
tain a belief of guilt." (11.) "The jury can not find that the
defendant, in prosecuting plaintiff for larceny, did so out of
malice, unless the facts in evidence are such as to satisfy any
reasonable mind that the defendant had no ground for the
proceeding, but his desire to injure the plaintiff." (13.) "Lar-
ceny is ordinarily the taking and removing by trespass of per-
sonal property which the trespasser knows belongs, either
generally or specially, to another, with the intent to deprive
the general or special owner of his property." (14.) "If the
facts and circumstances of the taking and carrying away by
the plaintiff of the drawings and plans before that time deliv-
ered to the defendant, were calculated to produce at the time,
in the mind of a prudent and reasonable man, a well grounded
belief or suspicion of plaintiff's guilt of larceny, or other in-
dictable offense, then malice can not be inferred or implied
from the want of probable cause." (15.) "If the jury believe from
the evidence that defendant before he made the complaint on
oath before Justice Poe, on which the warrant was issued under
which plaintiff was arrested, stated the facts connected with
the taking of the plans of the building by plaintiff, and the
justice of the peace misconceived the remedy or process, with-
out suggestion or intervention by the defendant in that par-
ticular, defendant is not liable for such error." (16.) "If de-
fendant acted under the honest belief that the plaintiff was
guilty of the offense of larceny with which he was charged,
then the jury must find for the defendant." (19.) "The un-
conditional delivery by the plaintiff to the defendant of the
plans and drawings which plaintiff and Rousseau had made
for the building he was erecting, made them the special prop-
erty of the defendant; and the subsequent tearing and taking

such plans and drawings by plaintiff, without the consent of the defendant, was a trespass, and if secretly done, and without calling attention of any one to the act, constitutes probable cause for defendant to cause his arrest. In such case, the jury must find for the defendant." (23.) "That if defendant had contracted with and paid Rousseau for making the plans and to superintend Lunsford's building; that plaintiff having demanded additional compensation of Lunsford, and, being refused, went without Lunsford's consent, and took and destroyed the 'front elevation' with the intent to deprive Lunsford of his property, or to injure Lunsford; then the court charges the jury that this was probable cause for causing plaintiff's arrest on the charge of larceny, if defendant honestly believed that these facts constituted larceny, and the jury must find for defendant." (24.) "That in considering defendant's conduct, even if the jury should believe the facts did not warrant the arrest of plaintiff, still they will make allowance for the excitement under which the prosecution for the alleged offense was instituted. The complainant can not be required to act with the same impartiality and absence of prejudice in drawing his conclusions as to the guilt of the accused, that a person entirely disinterested would deliberately do."

W. C. WARD, for appellant.

R. H. PEARSON, contra.

McCLELLAN, J.—This an action by Dietrich against Lunsford for malicious prosecution. The institution of a criminal prosecution by the latter, and its termination before suit brought, were admitted, or at least not controverted. On the trial, the burden was on the plaintiff to show further, both that that prosecution was malicious, and that it was instituted without probable cause. The proof of neither of these factors in the right of recovery would avail plaintiff in the absence of proof of the other. However malicious Lunsford may have been, he is not liable in this action if he had probable cause for bringing the charge against Dietrich; and however his action was lacking in the basis of probable cause, he would not be liable unless actuated therein by malice.—McLeod v. McLeod, 73 Ala 42; Steed v. Knowles, 79 Ala. 446; Jordan v. Ala. Gr. So. R. R. Co., 81 Ala. 225; Lunsford v. Dietrich, 86 Ala. 250; Leyenberger v. Paul, 12 Ill. App. 635; Meysenberg v. Engelke, 18 Mo. App. 346; Murphy v. Martin, 58 Wis. 276; Flickinger v. Wagner, 46 Md. 580. But, while the absence of probable cause is not the equivalent of malice,

[Lunsford v. Dietrich.]

and does not *per se* establish malice, yet it is evidence of malice to be considered by the jury, and may of itself justify a conclusion on their part that the motive of the prosecutor was malicious.—Authorities *supra; S. W. R. R. Co. v. Mitchell*, 80 Ga. 438; *Bozeman v. Shaw*, 37 Ark. 160; *Mowry v. Whipple*, 8 R. I. 360; *Dietz v. Langfitt*, 63 Pa. St. 234; *Strauss v. Young*, 36 Md. 246.

Malice may also be inferred, of course, from the circumstances surrounding and attending upon the prosecution, the conduct and declarations of the prosecutor, his activity in and about the case, his efforts therein to secure some personal end. Indeed, the existence of malice being a fact which, in the nature of things, is incapable of positive, direct proof, it must of necessity be rested on inferences and deductions from facts which can be laid before the jury; and hence it is that a wide range is permitted in adducing attendant circumstances which tend to throw any light on the subject. We do not doubt but that the apparent anxiety of Lunsford, after making the complaint, to have Dietrich arrested, and his efforts to that end at the depot, as a phase of the evidence tends to show, was such a circumstance, and properly allowed to go to the jury.—*Strauss v. Young*, 36 Md. 246; *Motes v. Bates*, 80 Ala. 382.

It is quite erroneous to suppose, as stated or implied in some of defendant's requests for instructions, that an element of the malice necessary to support this action consists in a desire to injure the party prosecuted. Any other motive than a *bona fide* purpose to bring the accused to punishment as a violator of the criminal law, or associated with such *bona fide* purpose, is malicious. There need be no personal ill-will, desire for revenge, or other base and malignant passion. Whatever is done willfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantoness or carelessness, if it be at the same time wrong and unlawful within the knowledge of the actor, is in legal contemplation maliciously done.—*Jordan v. Ala. Gt. So. R. R. Co.*, 81 Ala. 220; *Ross v. Longworthy*, 13 Neb. 492; *Spear v. Hiles*, 67 Wis. 350; *Forbes v. Hagman*, 75 Va. 168; *Mitchell v. Wall*, 111 Mass. 492; *Pullum v. Glidden*, 66 Me. 202.

Probable cause, which will defeat an action for malicious prosecution, is defined to be "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."—*Davie v. Wisher*, 72 Ill. 262; *Cole v. Curtis*, 16 Minn. 182; *Brown v. Willoughby*, 5 Colo. 1. Or, as defined by this court: "probable cause is such a

state of facts and circumstances as would lead a man 'of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice, to believe that the person accused is guilty."—*Jordan v. Ala. Gt. So. R. R. Co.*, 81 Ala. 225. And in deciding upon its existence, the prosecutor's belief in the guilt or innocence of the party can not be considered; nor does the existence of such facts as might have influenced his judgment; but the test is the effect they might have upon the judgment of ordinarily prudent and reasonable men.—*Ramsey v. Arrott*, 64 Texas 320. These definitions wholly exclude the idea, that mere suspicions and belief, however honestly and intensely entertained, unsupported by facts known to the prosecutor, which would have justified reasonable and cautious men in believing the accused to be guilty, constitute probable cause.—*Hirsh v. Fleeney*, 83 Ill. 548; *Graeter v. Williams*, 55 Ind. 461; *Flickinger v. Wagner*, 46 Md. 580; *Mowry v. Whipple*, 8 R. I. 360.

The foregoing general principles will suffice to justify the trial court's action with respect to most of the instructions refused to the defendant. They were either affirmatively bad, or so misleading as to authorize their denial. Thus, charges 5 and 11 assert defendant's immunity unless the jury should find he had *no* ground for the prosecution except a desire to injure the plaintiff. There might well have been, in the mind of the jury, some ground for his conduct falling short of probable cause, and some malicious motive other than his desire to injure; and neither the existence of such ground nor the absence of such desire would necessarily have imposed on them the duty of returning a verdict for the defendant. Charge 9 assumes, either that there was no evidence of a want of probable cause, or that malice could not be inferred from the absence of such cause. Both assumptions are unfounded. We have seen that the inference of malice may be drawn from a want of probable cause; and the fact that Dietrich had been tried and acquitted of the offense charged, was itself some evidence—sufficient, it seems, to lift the burden of proof in that regard off the plaintiff—of a want of probable cause. *Josselyn v. McAllister*, 25 Mich. 45; *Vinal v. Core*, 18 W. Va. 1.

Charge 10 is faulty in its first proposition, if not otherwise. Conduct of the accused merely tending to show that the prosecution was undertaken from public motives, is not probable cause. The tendency in that regard might fall far short of establishing facts and circumstances upon which ordinarily prudent and cautious men would institute a prosecution.

[Lunsford v. Dietrich.]

It is quite true that larceny includes a trespass; but it is more than a trespass, in that it involves felonious intent, and fraud or secretiveness in its effectuation. Knowledge of another's ownership, and intent to deprive him of his property, are not equivalent to, and can not supply felonious intent, and fraud or secretiveness essential to larceny. Charge 13 is not a sound definition of larceny, and greatly tends to mislead in view of the testimony going to show that the taking was open and avowed.—*Lunsford v. Dietrich*, 86 Ala. 250.

One fault of the 14th instruction requested by the defendant, sufficient of itself to justify its refusal, is that it denied the jury's right to infer malice from a want of probable cause, because of the mere existence of facts and circumstances calculated to produce in the mind of a prudent and cautious man a well grounded belief or suspicion of the guilt of the accused, whether these facts and circumstances were known, or honestly believed to exist by the prosecutor, or not. The existence of the facts, without knowledge of or belief in them by defendant, could not serve to rebut any inference of malice which the jury might otherwise draw from the want of probable cause.—*Lunsford v. Dietrich, supra.*

It may be conceded that, had the prosecutor made a statement in writing of the real facts connected with the taking of the plans by Dietrich, under oath, to the justice of the peace, and the latter had misconceived the remedy or process adapted to or isuable thereon, without suggestion or intervention by the defendant, the latter would not be liable for such error of the officer. But that is not this case. The statement here made and verified was not of the transaction in detail, but was a charge that Dietrich had taken and carried away the plans with the intent to steal the same. Upon such statement there could be, and was, no misconception on the part of the justice as to the appropriate remedy or process. And the fact that Lunsford had previously made a detailed statement of the facts to the officer can not avail to relieve him from liability for making the affidavit upon which the prosecution proceeded. Charge 15, asked by the defendant, was properly refused. Charges 19 and 24 were abstract. There is no evidence in the record that the plans were secretly taken and carried away, as postulated in the former, nor of any excitement on the part of the prosecutor, as postulated in the latter. Charges 16 and 23, refused to the defendant, are not in harmony with the general principles we have stated with respect to the constituents of probable cause, of larceny, and of that belief which excludes the conclusion of malice. They were properly refused.

[Tecumseh Iron Co. v. Camp.]

We are unable to perceive any legitimate bearing which the state of indebtedness between Rousseau and Dietrich when their partnership was dissolved, or the effect the destruction of the plans had on the progress of the building toward completion, could have had on any issue involved in this case. Evidence on those questions was wholly irrelevant.

Plaintiff's counsel, in his argument to the jury, stated that his client's character had been damaged by the arrest and charge of larceny preferred by the defendant, and that he was entitled to be indemnified in damages. "The defendant," the bill of exceptions recites, "excepted to this remark, because no such damages were claimed, and no proof offered to sustain the claim. The court did not exclude the remarks, and counsel did not withdraw them." Was there any motion to exclude them? Was there any action of the court invoked or had in respect to them? Clearly not. All that was done, as appears from the bill of exceptions, was the noting of an exception to certain language of counsel. Nothing that the court ruled, did or said, is presented for revision; and the functions of this court in its appellate character are strictly confined to the action of the trial courts upon questions which are presented to and ruled upon by them. If the statement complained of was improper, of which we are by no means convinced, the presumption is that it would have been excluded, and the jury duly cautioned against being influenced by it, had the attention of the trial judge been called to it, and his action invoked upon it; and we can not put him in error for failure to rule on a matter which has never been presented for his decision, or decided by him.—*Cross v. State*, 78 Ala. 476; *E. T., V. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466; *Ins. Co. v. Allen*, 80 Ala. 568; *Nelson v. Harrington*, 7 Amer. St. 900; *A. G. S. R. R. Co. v. Frazier, ante,* p. 45.

Affirmed.