City of Chicago v. Sutton.

---

# City of Chicago v. Simon T. Sutton, Administrator.

## Gen. No. 13,369.

1. VERDICT—*when excessive.* A verdict for $3,000 rendered in an action on the case for personal injuries is excessive where it appears that the injuries complained of consisted mainly of a broken leg with some problematical permanent effects, not definitely or fully established by the evidence.

2. INSTRUCTIONS—*when should be accurate.* Where a case upon its facts is close, instructions should be particularly accurate.

3. INSTRUCTION—*danger of abstract propositions of law.* The giving of abstract propositions of law in a closely contested case is dangerous, for even when they cannot in themselves be said to embody false statements of law, they may be misleading, as applied to the facts of the case in which they are given.

4. INSTRUCTIONS—*care with which, should be drawn.* In a close case instructions which are vague, indefinite and unduly general in defining the issues, are misleading, and should not be given.

5. INSTRUCTIONS—*when too general in form.* In a close case involving a personal injury, an instruction which speaks of "wrongful acts, negligence and defaults," even limiting them to such as were charged in the declaration, is too general and liable to mislead.

6. SIDEWALK—*when instruction as to liability of city for safe condition of, erroneous.* An instruction upon this subject as follows, in a close case, is erroneous:

"The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city which is in constant use by

the public, has a right when using the same with due diligence and care to presume, in the absence of knowledge to the contrary, *and to act upon the presumption*, that it is reasonably safe for ordinary travel throughout its entire width, *and* free from all dangerous holes, obstructions, or other defects."

7. SIDEWALK—*what not duty of city with respect to.* A city is not bound to keep its sidewalks free from all defects of every kind and character.

8. EVIDENCE—*when upon value of services improper.* Where the question is "What is the value of your services in that case?" and the answer given is, "I have sent a bill for $500," the answer is irresponsive and should be stricken out.

9. LEADING QUESTIONS—*when proper.* In the re-direct examination of a witness leading questions may properly be allowed if the purpose is to explain, develop or modify new matter brought out on cross-examination.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed October 3, 1907.

**Statement by the Court.** This is an appeal by the City of Chicago from a judgment against it for $3,000 obtained by Peter Hamilton on May 26, 1906, in the Circuit Court of Cook county. The judgment was obtained on the verdict of a jury on a claim for personal injuries sustained by reason of a defective sidewalk. While the appeal was pending in this court Hamilton died, and the administrator of his estate was substituted as a party.

The original and amended declarations in various counts charge that the City of Chicago being on September 3, 1901, possessed and in control of a cement sidewalk on the north side of Thirty-ninth street in said city, twenty feet east of Calumet avenue, negligently allowed certain portions of cement with which said sidewalk was laid to be missing, so that there was a large depression or hole in the sidewalk, of which the city had notice actual or constructive, but of which the plaintiff had no notice, and also charge that by reason of the negligence of the city in this regard, the plaintiff, while he was in the exercise of due care, passing along and over the sidewalk in the night time, necessarily and unavoidably

City of Chicago v. Sutton.

put his foot into the hole or depression and was thrown to the ground in such a way that his right hip and leg were hurt and one of the bones of his right thigh broken, and he was otherwise severely and permanently injured.

The city pleaded the general issue. After the verdict a motion for a new trial was denied and also a motion in arrest of judgment. In this court the appellant, under the assignments of error, argues:

First. That the judgment should be reversed without remanding upon a finding of facts, (a) that the sidewalk was in a reasonably safe condition; (b) that the plaintiff was guilty of contributory negligence through intoxication.

It is claimed in support of this contention (a) that the court below should have peremptorily directed a verdict for the defendant when such an instruction was asked by it at the close of the plaintiff's evidence and again at the close of all the evidence; (b) that whatever was the duty of the trial court as to peremptorily instructing the jury, it is the duty of this court to reverse the judgment without remanding the cause, on the ground that the evidence shows clearly that there cannot be a recovery which should be allowed to stand.

Second. That if this court does not assent to the proposition that the judgment should be reversed without remandment of the cause, it should nevertheless reverse the judgment on the ground that the trial court should after verdict have granted a new trial:

(A) Because the verdict was clearly against the weight of the evidence, which was (1) that the plaintiff was intoxicated at the time of the accident and thereby guilty of contributory negligence; (2) that the sidewalk in question was in a reasonably safe condition for public travel at the time of the accident; and (3) that on the assumption that a defect did exist in the sidewalk, the city had no notice, actual or constructive, of the same.

(B) Because the court had erred in its rulings on the admission and exclusion of evidence.

(C) Because the court had erred in giving erroneous in-

structions asked for by the plaintiff and in refusing proper instructions asked for by the defendant.

(D) Because the verdict was excessive.

FRANK D. AYERS, for appellant; WILLIAM S. KIES, of counsel.

JOHN C. KING and WILLIAM J. KING, for appellee; BLUM & BLUM, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

We think this cause should be remanded for a new trial because of an error in the instructions which made them inaccurate and ambiguous, and therefore, as we think, perhaps misleading to the jury. Under the evidence in the cause we think the verdict so large in amount for the broken leg and all such permanent effects as the plaintiff was proved to suffer, as to make not to be regretted that another jury, if it should also find the liability established, should pass on the amount of the damages.

That we remand the case shows that we do not agree with the contention of the defendant that there was no sufficient evidence to support the plaintiff's claim even had there been no conflicting evidence, nor with the proposition that the verdict in finding the city liable was so clearly and manifestly against the weight of the evidence that was or can hereafter, in any reasonable probability, be adduced, as to make another trial useless and futile. But as we thus remand the cause for another trial we shall follow the course which we deem proper in such cases, and refrain from discussing in detail the effect on our minds of the evidence which will probably be again submitted to a jury. We must, however, emphasize the statement, necessary for us to make, that the case for the plaintiff is at the best a very close and doubtful one, requiring, before we can conscientiously affirm a judgment rendered on a verdict in his favor, accuracy in the rulings and instructions of the trial court. It is proper for us to say, therefore, that while we do not re-

City of Chicago v. Sutton.

verse this judgment because the verdict was clearly against the evidence, it is true that had the verdict been for the defendant we could not, for that reason, have set it aside.    Under these circumstances the language and citations of this court in Chicago City Railway Co. v. Canevin, 72 Ill. App., 83, are applicable:

"The evidence on the question whether the accident occurred by reason of the negligence of the appellant was very conflicting, so much so that had the verdict been not guilty it could not be set aside because contrary to the weight of the evidence.    In such case the instructions should be accurate.    Illinois Central R. R. Co. v. Maffitt, 67 Ill., 431; Volk et al. v. Roche, 70 Ill., 297; Illinois Central R. R. Co. v. Hammer, 72 Ill., 347; Toledo, W. & W. Ry. Co. v. Moore, 77 Ill., 217; Shaw v. People, 81 Ill., 150; Cushman v. Cogswell, 86 Ill., 62; Wabash Ry. Co. v. Henks, 91 Ill., 407; Chicago, Burlington & Quincy R. R. Co. v. Dougherty, 110 Ill., 521.    This rule has been frequently announced by this court. City of Mendota v. Fay, 1 Ill. App., 418; Chicago, Rock Island & Pacific Railway Co. v. Harmon, 12 Ill. App., 54; Leyenberger v. Paul, 12 Ill. App., 635; St. Louis Coal R. R. Co. v. Moore, 14 Ill. App., 510; Harvey v. Miles, 16 Ill. App., 533; Peoria D. & E. Ry. Co. v. Wagner, 18 Ill. App., 598."

We pass, therefore, to the consideration of the instructions which we find objectionable, having in view the rule implied in this doctrine—that inaccuracies and ambiguities in instructions, which could be passed over as insufficient to justify a reversal where we felt certain that substantial justice had been done and that another trial free from these errors could not reasonably be expected to result differently, cannot be so disregarded when the verdict, in view of the evidence, suggests more strongly the possibility that the jury might have been misled by them.

The instruction obnoxious, as we think, to the severest criticism, is the one given at the request of the plaintiff numbered 4.    It reads as follows:

"The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city which is in constant use by the public, has a right when using the same with due diligence and care to presume, in the absence of knowledge to the contrary, *and to act upon the presumption,* that it is reasonably safe for ordinary travel throughout its entire width, *and* free from all dangerous holes, obstructions, or other defects."

The italics are of course ours. This seems to us inaccurate as the statement of the law and likely to mislead the jury in a case of strongly conflicting evidence where the defense was based on the several grounds that the sidewalk was reasonably safe, that the necessity of street improvement at the locality in question had necessarily contracted the width of the sidewalk, that the city had no notice, actual or constructive, of any such defect as was complained of, that if there were such a defect, the plaintiff, in the exercise of due care and with a reasonable use of his eyes under the conditions of lights and otherwise proven to have existed at the time of the accident, should and must have seen it; that if it was not so obvious to him so that he could avoid it, it was because he was intoxicated, which condition there was evidence tending to prove.

It will noticed that a possible and natural, even if not the only possible natural construction of the statement made in the instruction, is that the presumption *on which plaintiff was entitled to act,* was: first, that the sidewalk should be *"reasonably* safe for ordinary travel throughout its entire width"; second, that it should be *wholly* (there being no limitation to the succeeding words) "free from all dangerous holes"; third, that it should be wholly free from all "obstructions"; and fourth, that it should be so wholly free from any "other defects."

But these propositions are not accurate. Where necessity for street improvement exists, a sidewalk may well be in a condition which relieves the city from liability, and yet not be safe *"throughout its entire width,"* and in the present case, as appellant's counsel, we think, justly point out, the

jury might under this construction have thought the sidewalk that remained open reasonably safe, and yet thought that its narrowing from ten feet to six by the improvements constituted a defect for which the city was liable. We cannot agree with the plaintiff's contention that the words "throughout its entire width" in this instruction and under this evidence would be understood by all reasonable minds to mean only "throughout its entire width as then in use."

But beyond this it is misleading to imply, as this instruction can reasonably be held to do, that it is the duty of the city to keep its sidewalks free from all defects, be they holes, obstructions, or other defects. Its duty is only to exercise reasonable care to keep its sidewalks in a reasonably safe condition. It is not an insurer against accident nor bound to liability because it does not do impossible and impracticable things.

It is easy to imagine that a city has exercised reasonable care to have its sidewalks reasonably safe, and yet that there should still remain holes, obstructions and defects therein, and that these holes, obstructions and defects should be dangerous to persons who, having no "knowledge to the contrary," presumed and *acted on the presumption* that they were not there.

And although the instruction only speaks of the presumption as one to which he has a right who is "using" the sidewalk "with diligence and care," it is likely to be misleading even if it is not technically inaccurate on the question of contributory negligence. A jury might certainly, not impossibly, and perhaps unnaturally, take it to mean that one ignorant of defects in a sidewalk had, so long as he was using the sidewalk for legitimate purposes, but small, if any, legal obligation to "take heed to his steps lest he fall," and small need to take into account a reduction from the original width of the walk—a manifestly injurious impression for them to get when a defense has been made that the plaintiff contributed to the injury by the probably uncertain and zigzag steps of a tipsy man.

Another objection to this instruction made by appellant,

is that being abstract in form, a construction might, without violent straining, be put upon it which would make it assume the alleged facts in favor of plaintiff that are in dispute, namely, that the plaintiff was using the sidewalk with due care, that he was destitute of knowledge of its unsafe condition, but that it was not safe its entire width. It does not seem to us that the assumptions are so implied in the instruction that upon this ground alone it should be condemned, although it might have been in this regard more carefully drawn, but we do hold it obnoxious to the criticisms which we have made of it. The citations of appellee to establish the accuracy of the instruction are not in point against these criticisms.

One line of answers, however, adopted by him to the objections to it would be of much force had the case been less close and doubtful for the plaintiff on the facts. It is, that assuming the instruction to be inaccurate or ambiguous, such inaccuracy or ambiguity should not be allowed to work a reversal of the judgment because it is not a peremptory instruction, but an abstract statement of the law, that it in no way directs a verdict, and is under the law to be considered merely as one of a series to be supplemented and explained, if necessary, by others of the series. Thus instructions given, numbered 9 and 19, are quoted as inconsistent with the theory which, as we have said, the jury might have been led by instruction 4 to have believed was the law of the case. Abstract propositions of law, however, are dangerous instructions to give in a closely contested case, for often, even when they cannot in themselves be said to embody false statements of the law, they may be misleading as applied to the facts of the case in which they are given. We think the case at bar is not one in which we ought, as we often justifiably do, hold that an instruction not peremptorily directing a verdict and not in itself accurate, is nevertheless an insufficient cause for a reversal. We think, rather, that it is a case for the strict application of the rule laid down in Counselman v. Collins, 35 Ill. App., 68, "That for the appellant the court gave a counter instruction, is not an an-

City of Chicago v. Sutton.

swer to the error, as it cannot be told which the jury regarded, if either."

The given instruction numbered Two is as follows:

"If from the preponderance of the evidence and under the instructions of the court you find that the defendant was guilty of the wrongful acts, neglects or defaults as charged in the declaration, or in any one or more of the counts thereof, and that the plaintiff was thereby injured, and that he was, prior to and throughout the transaction in question in the exercise of ordinary care and caution on his part, then you will find the defendant guilty and you will assess the damages of the plaintiff as stated in other instructions."

This instruction also is seriously subjected to criticism. In a case as close as this, where on various issues, each one of them in itself controlling, there is a sharp contest and a serious conflict of evidence, an instruction which is vague, indefinite and unduly general in defining the issues, is misleading and should not be given.

If the office of instructions is to guide the jury in their duties by informing them precisely of the law of the case, and pointing out to them what they are called on to decide, this instruction, taken by itself, falls very far short of its function.    And as it directs a verdict, it must be considered by itself.    While it is possible for appellee to cite opinions of the Supreme Court in which a reference to a declaration in an instruction has been said in those cases to be equivalent to pointing out the issues to be tried, or at least not to confuse them, and the instruction in consequence not to be erroneous, it none the less remains true, as was remarked in this court in Chicago City Railway v. Mauger, 105 Ill. App., 584. "The Supreme Court of this State has frequently said that it is the duty of the trial court to point out what are the issues of fact the jury are to try."    It is also true, as is said in the same opinion, "It is not always easy for well educated lawyers thoroughly trained in their profession to determine accurately what the case stated by the declaration is, and there

are not wanting instances in which courts have disagreed as to this."

Moreover, in our opinion that is true in the case at bar, as it was in the Mauger case, which in the cases cited to sustain the instruction by the appellee was not true, that "a mere reference to the declaration as containing a statement of the plaintiff's case is certainly, for the average juror, not a pointing out of the issues to be tried."

We think that it is the nature of the case and of the declaration, that is the singleness or the reverse of the issues, rather than the technical accuracy or defectiveness of the declaration, as plaintiff argues, which determines whether or not such an instruction as the one under discussion is proper. In our opinion, it was so lacking in precision and definiteness as to be misleading and erroneous for an instruction directing a verdict. It should not have spoken generally of "wrongful acts, neglects and defaults," even limiting them to such as were charged in the declaration, but should have described the "neglect" or "default" (there were strictly no acts "complained of") necessary to make the city liable, and it should have included the element of notice so important in this cause.

The fifth given instruction is as follows:

"The court instructs the jury that if you believe from the evidence that the City of Chicago did not exercise reasonable care and supervision over that portion of the public sidewalk where the injury in question is alleged to have occurred, to keep it in reasonably safe condition, and by that means allowed it to become defective and unsafe, as alleged in the declaration, and if you further believe from the evidence that the plaintiff, Peter Hamilton, while walking over and along that portion of the public sidewalk, by reason of such defect, was injured and has sustained damages thereby, as charged in the declaration, and that he was at the time exercising reasonable care and caution to avoid such injury, then the defendant is liable, and you should find for the plaintiff."

City of Chicago v. Sutton.

This instruction also is erroneous, not because it refers to the declaration (for it refers to the declaration for specific, single, definite matters there to be found—that is, the particular defect charged against the sidewalk, and the particular damages plaintiff suffered by the injury), but because it entirely ignores the controlling element of notice, except so far as it is implied in the use of the adjective "reasonable" before the words "care and supervision." This we do not regard as sufficient in an instruction like this one, directing a verdict, even though the matter of notice is treated of, as pointed out by appellee, in other instructions.

It is suggested by appellant also that the instruction contains an assumption of a matter in controversy, namely, that the sidewalk "became defective and unsafe," and it is said that there should have followed these words, to render the instruction unambiguous—"if you find from the evidence that the sidewalk was defective and unsafe." We think that a reasonable and natural construction of the words makes this condition as hypothetical as the non-exercise of care by the city, and we should not hold the instruction erroneous upon the ground indicated, but it may be noted that many cases in our reports can be found where an "assumption" no more clearly to be gathered has been held to make an instruction erroneous.

The objections made by appellant to the 6th given instruction we do not regard as well taken. It seems to us unobjectionable.

Nor do we think that, as defendant claims, there was reversible error in the refusal of the instructions tendered by defendant marked III and IV and V.

We do not think that the rulings on the testimony of Dr. Holmes were reversibly erroneous. It was unfortunate, in view of that evidence, that the jury were not informed of the character of the "intervening accident" of December 18, 1901, of which accident the plaintiff's counsel made admission in open court. The shortening of the plaintiff's leg which the witness testified to was a material and relevant fact, but after it had been sworn to the intervening accident

which may have affected it was also material and relevant. The erroneous ruling, however, which shut it out was at the instance of the defendant and it cannot complain of it.

The examination of Dr. Holmes as to the value of his services out of the usual order of proof was a matter within the discretion of the court. His answer to the question, "What is the value of your services in that case?" that he had sent a bill for $500, was not responsive and might properly have been stricken, but the defendant's cross-examination removed any serious objection that could be made to its standing for the jury to consider. In the cross-examination Dr. Holmes testified: "I charged him what I thought he ought to be charged," and, "We charge a patient what is reasonable."

We do not think that there is any merit in the contention that counsel for appellee were allowed to lead the witness Neff improperly in his examination, nor that it was erroneous to exclude the question put to Hamilton in his cross-examination as to the address of his wife.

We are, however, of the opinion that the questions put to Springer in his redirect examination which were ruled out should have been allowed. In the redirect examination of a witness leading questions may properly be allowed if the purpose is to explain, develop or modify new matter brought out on cross-examination. Thompson's Trials, volume 1, section 480.

If the questions were addressed to a time not relevant to the controversy, it did not so appear on their face, and the objection was not made specific. If it were true, re-cross-examination would have shown it. The whole matter, however, is of minor importance, and there is nothing in the rulings on evidence for which we should have reversed the judgment.

We have already indicated our view concerning the amount of the verdict.

For the errors in the instructions hereinbefore discussed the judgment is reversed and the cause remanded to the Circuit Court for another trial.

*Reversed and remanded.*